# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JERRY LEO GARDNER**                                                     **PLAINTIFF**

**v.**                                        **CIVIL CASE NO. 3:18-CV-112-NBB-RP**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## JUDGMENT

      This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for disability insurance benefits and a period of disability. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law; and having heard oral argument; and for the reasons announced on the record at the conclusion of the parties' oral argument in this matter, finds as follows, to-wit:

      The Commissioner's decision is not supported by substantial evidence. The plaintiff suffered severe burns to his back in an incident that occurred on February 8, 2014. On reconsideration of the initial denial of the plaintiff's claim for benefits, the Commissioner on December 4, 2014 determined the plaintiff was unable to work at that time, but the Commissioner denied benefits on durational grounds based upon an RFC that the reviewing physician opined would be effective as of April 1, 2015. Aside from the Commissioner's apparent miscalculation of the duration of the plaintiff's disabling impairments, there is a lack of substantial evidence -- medical or otherwise -- that the plaintiff's condition improved between

December 4, 2014 and the time the ALJ rendered his decision on May 12, 2017. As the ALJ acknowledged, the plaintiff underwent a laser procedure on April 13, 2015 to reduce the scarring on his back and to improve movement, indicating the plaintiff continued to experience limitations from his impairments, yet there is a lack of medical evidence as to the extent of his limitations at the time of or subsequent to that procedure. Given the Commissioner's finding that the plaintiff was unable to work as of December 4, 2014; given the evidence the plaintiff continued to experience limitations from his impairments subsequent to that time; and given the lack of medical evidence regarding the extent of the plaintiff's subsequent limitations, there is merit to the plaintiff's argument that the ALJ failed to fully develop the record before denying benefits. This case is remanded to the Social Security Administration for a de novo review of the plaintiff's application.

This, the 7th day of March, 2019.

 /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE